**EXHIBIT A**

SUPERIOR COURT
BARNSTABLE, SS

OCT 21 2021

FILED
Scott W. Nickerson, Clerk

COMMONWEALTH OF MASSACHUSETTS

BARNSTABLE, ss.                                            SUPERIOR COURT
                                                           DOCKET NO. 2172CV382

| | |
|---|---|
| ALINE MENDES, )<br>    Plaintiff, )<br> )<br>V. )<br> )<br>AMAZON.COM SERVICES, INC., )<br>    Defendant. ) | COMPLAINT AND DEMAND<br>FOR TRIAL BY JURY |

### I.   NATURE OF CLAIM

1. Plaintiff, Aline Mendes ("Mendes"), brings this action against Defendant, Amazon.com Services, Inc. ("Amazon"), in order to redress Mendes' claims for breach of contract, unjust enrichment, negligent misrepresentation, and violation of M.G.L. c. 93A.

### II.   PARTIES

2. The Plaintiff, Aline Mendes, is an individual with a primary residential address at 67 Thoreau Drive, Centerville, MA 02632.

3. The Defendant, Amazon.com Services Inc., is a Delaware corporation with its headquarters and principal business address at 2111 7th Avenue, Seattle, WA 98121. At all times relevant to these proceedings, the circumstances, conduct, and facts giving rise to the causes of action described herein occurred within the territorial bounds of the Commonwealth of Massachusetts.

4. Venue is proper in this district under MGL c. 223A §3, as Amazon transacted business in this commonwealth.

### III.   FACTS

5. Amazon is a dominant, largely online worldwide retailer. Through its Amazon.com platform, Amazon reaches a massive consumer base both within and beyond the

1
*Complaint/Jury Demand*
*Mendes v. Amazon*

Commonwealth. As such, many third-party seller(s) ("TPS") rely on Amazon's online retail platform to sell and market their own products.

6. For years, Amazon has required all TPS to agree to and execute Amazon's Business Solutions Agreement ("BSA") as a condition of registration. Only after executing said BSA may a TPS utilize Amazon's platform as a vehicle through which to sell their products online, for a fee calculated based on individually selected selling plans and referrals.

7. In April 2019, Mendes created a seller account on Amazon under the display name "Stella_maris". Mendes utilized her account to sell predominantly bags and purses.

8. Mendes is the mother of five (5) children, all under eight years of age. Mendes' sale of homemade bags and purses was her sole source of income, and allowed her to remain at home to care for her children and household.

9. Mendes natively and predominantly speaks Portuguese, with English being her second language. As such, formal legal documents including Amazon's BSA are not readily and easily understood by Mendes.

10. Following execution of Amazon's BSA, Mendes was never provided with a copy of said document. Without the ability to refer to the BSA, Mendes was not always clear on the conformity of her listings, however made numerous efforts to engage Amazon's Seller Central to ensure all was in order.

11. On April 25, 2019, within the 30-day free help period provided to new sellers, Mendes set up an appointment to speak with an Amazon representative on Amazon's Seller Central. Over the course of a conversation with said Amazon representative, Mendes

sought and relied upon advice regarding product listing and launching, which included discussion of information that needed to be included in product descriptions.

12. Pursuant to advice provided by the Amazon representative, Mendes revised her listings and believed them be in compliance with Amazon policies, including Amazon's policy that sellers must not deceive or trick Amazon customers.

13. In accordance thereof, Mendes provided accurate and complete descriptions of her products. At all times relevant to these proceedings, and in accordance Mendes' understanding of Amazon's policy, Mendes' goods clearly stated "replica" within the product name and description. This characterization was clear and visible when customers clicked on the product title.

14. On May 3, 2019, upon request for review, the same Amazon representative checked Mendes' seller page and responded via electronic mail, saying "I just looked at your account and everything looks okay to me."

15. On May 29, 2019, Mendes' received a warning from Amazon for her listing of a replica bag. However, the warning was in regard to her use of product photos sourced from Google.com rather than photos personally taken and uploaded.

16. Mendes again reached out to the Amazon representative, seeking advice on how to comply with Amazon's policies. Mendes was advised to use her own photos in order to remedy the issue and clarified that her products were not "exact replica[s]" as the photos might have suggested.

17. Thereafter, Mendes made sales using her Amazon seller page without issue from May 2019 until July 2019. Mendes received weekly payments from Amazon for all three

months, with such earnings being adjusted to deduct Amazon's fees. All payments were issued by Amazon through direct deposit into Mendes' bank account.

18. Beginning in August 2019, Amazon stopped all transfer of earned profits to Mendes' account. Amazon failed to provide notice or reason for the stoppage of payment, nor any further justification thereof. No warnings had been issued since May 29, 2019, leaving Mendes without an opportunity to cure or an understanding of what, if anything, she had done to motivate such stoppage of funds.

19. Mendes' seller account was suspended on August 6, 2019, one day before her statement balance of thirty-three thousand two hundred eighty-two and 32/100 dollars ($33,282.32) was to become available.

20. On or about August 6, 2019, Mendes called Amazon spoke to an Amazon Customer Service Representative who said the money should be deposited in Mendes' account within ninety (90) days even if Amazon decided to cancel Mendes' account. The Service Representative also told Mendes that she should complete her open orders on Amazon and ship the products. No money was ever received.

21. Mendes paid a total of $28,567.53 for her products sold by Amazon.

22. Mendes never received any returned products after her account was suspended on August 6, 2019.

23. Mendes had an Amazon Feedback Rating of 4.7 Stars out of 5 Stars at the time that her account was suspended.

24. During and following Mendes' account suspension, other TPS on Amazon still sell their items, even though their items are "replicas" or "knockoffs" similar to those previously posted and sold by Mendes.

25. On March 31, 2021, Mendes sent Amazon a demand letter pursuant to MGL c. 93A for unfair and deceptive business practices. Amazon's response was delivered on July 30, 2021, well after the 30-day response period granted in the letter and by statute.

26. As a result of Amazon's suspension of Mendes' seller account, Mendes was forced to cancel her checking account due to lack of deposit and withdrawal activity. Furthermore, Mendes and her family have faced drastic financial hardship in the absence of their rightfully earned compensation as Mendes' primary source of income, and loss of the investment money used to purchase the products that were sold on Amazon.

## IV. CAUSES OF ACTION

### COUNT I
### BREACH OF CONTRACT

27. The Plaintiff hereby restates and incorporates each paragraph of this Complaint as if fully stated herein.

28. In April 2019, Amazon and Mendes entered into a valid and enforceable agreement that Mendes could utilize Amazon's online retail platform to sell her products in exchange for fee deductions.

29. Beginning in August 2019, Amazon suspended Mendes' account without notice and failed to release her earned profit of $33,282.32.

30. Mendes paid a total of $28,567.53 for her products sold by Amazon.

31. Amazon's failure to give justification for said account suspension left Mendes without her shared benefit and without an opportunity to cure any perceived mistakes.

32. Amazon's failure to release Mendes' earned profits constituted a material breach of contract, as such release was their obligation under the agreement.

33. As a result of the Amazon's breach, Mendes has suffered damages.

## COUNT II
## UNJUST ENRICHMENT

34. The Plaintiff hereby restates and incorporates each paragraph of this Complaint as if fully stated herein.

35. Mendes conferred a benefit to Amazon when agreeing to sell her products on Amazon's online Seller's platform.

36. Amazon voluntarily accepted such benefit and retained the benefit conferred, including the deduction of fees on all such product sales.

37. The circumstances render Amazon's retention of the benefit(s) inequitable unless Amazon pay to Mendes the value of the benefit(s) conferred, in the amount of $33,282.32, and Amazon kept any Mendes' products that were the rightful property of Mendes.

38. Amazon has been unjustly enriched at the expense of Mendes' performance under the contract.

39. Mendes is entitled to damages as a result of Amazon's unjust enrichment, including the release of all monies unlawfully retained by Amazon at the expense of Mendes.

## COUNT III
## NEGLIGENT MISREPRESENTATION

40. The Plaintiff hereby restates and incorporates each paragraph of this Complaint as if fully stated herein.

41. Between April 24, 2019, and May 31, 2019, Mendes communicated on multiple occasions with an Amazon employee who identified himself as her account representative.

42. The Amazon representative reviewed her account and informed Mendes that her Seller's page appeared to be in compliance with company policies.

43. Based upon this information and approval, Mendes moved forward with selling her products through her Seller's platform.

44. In late May 2019, Mendes reached out to her Amazon account representative again, seeking advice regarding the photos she was including in her product descriptions. Again, relying on such information and advice from her Amazon account representative, Mendes made changes as advised and moved forward with selling her products.

45. Mendes' reliance on such information caused her to continue the operation of her Seller's account in the manner described. To her detriment, Amazon then suspended her account with no notice or reason and refused to release her earned profits.

46. Amazon's representative owed Mendes a duty of care arising from their duties and responsibilities to Mendes as a contracted Seller seeking help and assistance while navigating and utilizing the Amazon platform.

47. The information and advice provided by the Amazon representative was negligent and given without the reasonable care due to Mendes.

48. As a result of the negligent misrepresentation of one of Amazon's employees, Mendes has suffered damages.

## COUNT IV
## VIOLATION OF MGL c. 93A

49. The Plaintiff hereby restates and incorporates each paragraph of this Complaint as if fully stated herein.

50. Amazon unfairly targeted Mendes and suspended her seller account without notice or justification.

51. Various other TPS on Amazon have sold or are selling "replica" and "knockoff" items without suspension of their account. Product reviews of these items include comments such as "an incredible copy!", demonstrating that some such products sold via Amazon are "replicas" or "knockoffs".

52. Furthermore, Amazon suspended Mendes' account only one day before she could access the funds within her seller account.

53. Amazon kept products that were the rightful property of Mendes.

54. As such, Amazon unfairly singled out and targeted Mendes, intentionally depriving Mendes of her earned compensation and property.

55. Amazon's practices and actions constitute a deceptive practice in which Amazon received their percentage of the sale and the seller, Mendes, remains uncompensated for her products and contributions.

## V.     PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, Aline Mendes, hereby requests that this Honorable Court grant the following relief:

1. Unreleased earned profits and lost product investment money;
2. Treble damages as authorized by M.G.L. c. 93A;
3. Reasonable attorneys' fees and costs as authorized by M.G.L. c. 151 §20, c. 149 §150, and 93A;
4. Interest; and
5. Such other relief as the Court deems fair and just.

## VI.     DEMAND FOR TRIAL BY JURY

The Plaintiff, Aline Mendes, hereby demands a trial by jury on all counts and issues so triable.

Date: October 18, 2021

Respectfully submitted,
Plaintiff, Aline Mendes,
By and through her attorney,

/s/ Chad Yates

Chad Yates, Esq.
BBO #706012
Alumni Law Group
54 Market Street,
Mashpee, MA 02649
(508) 888-8100
chad@alumni-lawgroup.com

## VERIFICATION

I, ALINE MENDES, hereby state under the pains and penalties of perjury that I have read the foregoing Complaint and that I have personal knowledge that the facts stated in this Verified Complaint are true and that no material facts have been omitted.

*Aline Mendes*
Aline Mendes

| CIVIL ACTION COVER SHEET | DOCKET NUMBER  2172-CV383 | Trial Court of Massachusetts  The Superior Court  |
|---|---|---|
| | | COUNTY |

| Plaintiff | Aline Mendes | Defendant: | Amazon.com Services, Inc. |
|---|---|---|---|
| ADDRESS: | 67 Thoreau Drive  Centerville, MA 02632 | ADDRESS: | 2111 7th Avenue  Seattle, WA 98121 |
| Plaintiff Attorney: | Chad R. Yates | Defendant Attorney: | Stefanie Baldwin |
| ADDRESS: | 54 Market Street  PO Box 2154,  Mashpee, MA 02649 | ADDRESS: | 920 Fifth Avenue  Suite 3300  Seattle, WA 98104 |
| BBO: | 706012 | BBO: | |

SUPERIOR COURT
BARNSTABLE, SS
OCT 21 2021
FILED
Scott W. Nickerson, Clerk

### TYPE OF ACTION AND TRACK DESIGNATION (see instructions section below)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| A01 | Breach of Contract - Sale of Commercial Goods | F | ☒ YES ☐ NO |

*If "Other" please describe:

Is there a claim under G.L. c. 93A?  ☒ YES  ☐ NO

Is there a class action under Mass. R. Civ. P. 23?  ☐ YES  ☒ NO

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS

A. Documented medical expenses to date
 1. Total hospital expenses
 2. Total doctor expenses
 3. Total chiropractic expenses
 4. Total physical therapy expenses
 5. Total other expenses (describe below)

Subtotal (1-5): $0.00

B. Documented lost wages and compensation to date
C. Documented property damages to date
D. Reasonably anticipated future medical and hospital expenses
E. Reasonably anticipated lost wages
F. Other documented items of damages (describe below) $61,900.00

TOTAL (A-F): $61,900.00

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
Damages for Breach of Contract claim.

### CONTRACT CLAIMS

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

Signature of Attorney/Unrepresented Plaintiff: X /Chad R. Yates/    Date: October 18, 2021

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney/Unrepresented Plaintiff: X /Chad R. Yates/    Date: October 18, 2021

SC0001: 1/22/2021    www.mass.gov/courts    Date/Time Printed:10-18-2021 16:15:13

| Summons | CIVIL DOCKET NO. 2172CV00383 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: Aline Mendes Plaintiff(s) vs. Amazon.Com Services, Inc. Defendant(s) | | NOV 2 4 2021   Clerk of Courts County COURT NAME & ADDRESS: Clerk's Office Barnstable Superior Court 3195 Main Street Barnstable, MA 02630 |

THIS SUMMONS IS DIRECTED TO __Amazon.Com Services, Inc.__ (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the   Barnstable Superior   Court.
**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.**
If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.**
To respond to this lawsuit, you must file a written to response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

   a) Filing your **signed original** response with the Clerk's Office for Civil Business,   Barnstable Superior   Court P.O. Box 425 or 3195 Main St., Barnstable, MA 02630   (address), by mail or in person **AND**

   b) Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address:

3. **What to Include in Your Response.**
An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your court no more than 10 days after sending your Answer.

3 (cont). You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12**. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at:

www.mass.gov/courts/case-legal-res/rules_of_court

4. **Legal Assistance.**

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5. **Required Information on All Filings:**

The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Heidi E. Brieger , Chief Justice on _____, 20 ___ . (Seal)

Clerk-Magistrate Scott W. Nickerson    *Scott W. Nickerson*

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

---

PROOF OF SERVICE OF PROCESS



Suffolk County Sheriff's Department • 132 Portland Street, Boston, MA 02114 • (617) 704-6999

*Suffolk, ss.*

November 17, 2021

I hereby certify and return that on 11/16/2021 at 10:47 AM I served a true and attested copy of the Summons, Complaint and Tracking Order in this action in the following manner: To wit, by delivering in hand to Bernardo Montanez, agent and person-in-charge-at-the-time-of-service for Amazon.com Services, Inc., at 84 State Street Corporation Service Company Boston, MA 02109 . Attest/Copies ($5.00) Basic Service Fee (IH) ($30.00) Conveyance ($0.30) Postage and Handling ($1.00) Travel ($23.90) Total: $60.20

Deputy Sheriff    John Johnson

*Deputy Sheriff*

Date:

rev. 7/21